IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 8:09-274-HMH |
| vs. ) | **OPINION AND ORDER** |
| Bobby Michael Gilyard, ) | |
| Movant. ) | |

This matter is before the court on Bobby Michael Gilyard's ("Gilyard") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons given below, the court summarily dismisses Gilyard's motion.

On July 6, 2009, Gilyard pleaded guilty pursuant to a written plea agreement to possession with intent to distribute and distribution of fifty grams or more of cocaine base and a quantity of marijuana in violation of 21 U.S.C. § 841. He was sentenced to the 240-month mandatory minimum term of imprisonment. Gilyard appealed his sentence, challenging the constitutionality of the sentencing scheme for cocaine base offenses under the Due Process and Equal Protection clauses. The United States Court of Appeals for the Fourth Circuit affirmed his sentence. United States v. Gilyard, No. 09-5073, 2010 WL 3377324, at *1 (4th Cir. Aug. 26, 2010) (unpublished). On June 16, 2011,[1] Gilyard filed the instant § 2255 motion, contending that he was deprived his constitutional right to effective assistance of counsel on direct appeal.

It is well established that the Sixth Amendment right to constitutionally effective assistance of counsel extends to a criminal defendant's direct appeal. Evitts v. Lucey, 469 U.S.

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

1

387, 396 (1985). To successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Gilyard must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, one must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Gilyard predicates his ineffective assistance of counsel claim on three grounds, each of which is premised upon his counsel's failure to argue on appeal that Gilyard should be resentenced according to the Fair Sentencing Act of 2010 ("FSA"), which took effect during the pendency of his direct appeal. See Pub. L. No. 111-220, 124 Stat. 2372.[2] Gilyard contends that his appellate counsel was constitutionally deficient for failing to argue on appeal that the FSA should be retroactively applied to reduce his sentence. (Gilyard § 2255 Motion 4, 5, 7.) The Fourth Circuit, however, has held that the FSA does not retroactively apply to defendants whose cases were pending on direct appeal when the FSA became effective. Bullard, 2011 WL 1718894, at **9-11. Based on the foregoing, Gilyard's claim for § 2255 relief is without merit.

---

[2] The FSA reduces the cocaine and crack cocaine disparity by amending the drug quantities triggering statutory minimums, and therefore, "defendants convicted of possessing smaller amounts of crack cocaine now face shorter required sentences." United States v. Bullard, No. 09-5214, 2011 WL 1718894, at *8 (4th Cir. May 6, 2011).

It is therefore

**ORDERED** that Gilyard's § 2255 motion, docket number 152, is summarily dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Gilyard has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
June 27, 2011

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.